UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Kunal Saha**,

    Plaintiff,

vs.                                                                 Case No. 05-CV-675
                                                                       Judge Gregory L. Frost

**Ohio State University and**                                 Magistrate Judge King
**Columbus Children's Hospital Research Institute,**

    Defendants.

## OPINION & ORDER

Currently before the Court is a motion to dismiss filed by Defendant Columbus Children's Hospital Research Institute ("Hospital"). (Doc. # 8). Plaintiff Kunal Saha ("Saha") failed to file a memorandum in opposition, despite the fact that the Court afforded him three extensions of time to do so. (Docs. # # 13, 17, 20). The Court finds the motion to be well-taken and therefore **GRANTS** the same. (Doc. # 8).

## BACKGROUND

The Court will assume for the purposes of deciding the instant motion that the well-pleaded allegations in Saha's Complaint are true. Saha is a naturalized citizen of the United States who apparently resides in Ohio. (Doc. # 1 at ¶ 1). Defendant Ohio State University ("OSU") is an institution of higher learning located in Columbus, Ohio. *Id.* at ¶ 2. Defendant Hospital is a non-profit organization also located in Columbus, Ohio. *Id.* at ¶ 3.

OSU hired Saha as a tenure-track assistant professor in the Department of Pediatrics in June 1998. *Id.* at ¶ 8. OSU and the Hospital maintain a business and professional relationship that may result in joint employment of OSU faculty at the Hospital. That result was achieved

with Saha when the Hospital employed him as a member of the Division of Molecular Medicine at the same time that OSU hired him.  *Id.* at ¶ ¶ 4, 9.  In that capacity, Saha's primary focus was HIV and AIDS research.  *Id.* at ¶ 9.

In October 2003, OSU's Department of Pediatrics voted against Saha's application for tenure.  *Id.* at ¶ 9.  In June 2004, OSU informed Saha of the Department's decision and informed Saha that his last day of employment with OSU would be June 30, 2005.  *Id.* at ¶ 10.  Saha then began the appeal process.  *Id.* at ¶ 24.  That process proved unsuccessful for Saha and OSU terminated his employment on June 30, 2005.  *Id.* at ¶ 38.  Because Saha was no longer an employee of OSU, the Hospital terminated him on July 2, 2005.  *Id.* at ¶ 39.

Saha filed the instant suit on July 12, 2005, alleging that OSU violated his equal protection, substantive due process and procedural due process rights in violation of 42 U.S.C. § 1983.  *Id.* at ¶ ¶ 60-68.  Saha also asserts that OSU and the Hospital discriminated against him based on his national origin in violation of Title VII.  *Id.* at ¶ ¶ 69-70.  Additionally, Saha utilizes Title VII to assert a claim for race discrimination against OSU and the Hospital.  *Id.* at ¶ ¶ 72-74.  He also asserts state law race and national origin discrimination claims as well as claims for injunctive relief against OSU and the Hospital.  *Id.* at ¶ ¶ 44-59, 78-83.  Lastly, Saha asserts claims for infliction of emotional distress, bad faith breach of contract, and unjust enrichment against the Defendants.  *Id.* at ¶ ¶ 84-98

The Hospital moves to dismiss Saha's Title VII and injunctive relief claims, arguing that the Court lacks jurisdiction over the federal claims because Saha failed to exhaust his administrative remedies. (Doc. # 7).  The Hospital further urges the Court to dismiss the remaining state law claims.  *Id.*

**STANDARD OF REVIEW**

The Hospital contends first that dismissal is warranted under Fed. R. Civ. P. 12(b)(1), which enables a defendant to raise by motion the defense of "lack of jurisdiction over the subject matter." (Doc. # 8 at 1). In considering such a motion:

> the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true.

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (citations omitted). A plaintiff bears the burden of proving jurisdiction. *Id.*; *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms–either a facial attack or a factual attack. *Ohio Nat'l Life v. Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Here, Defendants utilize a facial attack. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. *Id*. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. *Id.*

Alternatively, the Hospital moves to dismiss under Fed. R. Civ. P. 12(b)(6). Dismissal is warranted under that rule " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)), *cert. denied*, 520 U.S. 1251 (1997)). The focus is therefore not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations

respecting all the material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). In making such a determination, a court must " 'construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein.' " *Sistrunk*, 99 F.3d at 197 (quoting *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994)). A court need not, however, accept conclusions of law or unwarranted inferences of fact. *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6th Cir. 2003).

## DISCUSSION

### I. TITLE VII CLAIMS

Defendant urges the Court to dismiss Saha's Title VII national origin and race discrimination claims because Saha failed to exhaust his administrative remedies. Title VII requires a Plaintiff to possess a right to sue letter from the EEOC in order to file a discrimination lawsuit under Title VII. 42 U.S.C. § 2000e-5(f)(1). A right-to-sue letter is a condition precedent for a Title VII action, but is not jurisdictional. *Mallory v. Noble Correctional Institution*, 45 Fed. Appx. 463, 468 (6th Cir. 2002) (citing *Rivers v. Barberton Bd. of Ed.*, 143 F.3d 1029, 1031 (6th Cir. 1998)). In other words, the "administrative filing requirement that a Title VII plaintiff exhaust his administrative remedies, while not jurisdictional, is a necessary prerequisite to filing a discrimination suit in federal court." *Sain v. American Red Cross*, 233 F. Supp. 2d 923, 927 (S.D. Ohio 2002).

Saha's Complaint fails to allege that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") and that he received a right-to-sue letter. (Doc. # 1).

However, Saha's motion to amend his complaint indicates that he filed a charge of discrimination against the Defendants with the EEOC but has yet to receive a right-to-sue letter. (Doc. # 21 at 3).  Regardless, Saha failed to attach a copy of the charge or an affidavit stating that he had filed a charge with the EEOC to his motion to amend.  *Id.*  Accordingly, Saha has failed to present the Court with any evidence that he has begun the process of exhausting his administrative remedies, and the Court **GRANTS** the Hospital's motion to dismiss Saha's Title VII claims against it.  (Doc.# 8).

## II.     STATE CLAIMS

District courts may decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Because there is no remaining federal question left, this Court, in the interests of comity and federalism, declines to exercise jurisdiction over Saha's remaining state law claims against the Hospital.  *Allen-Cuffee v. Franklin County Juvenile Detention Ctr.*, 2001 U.S. Dist. LEXIS 4754, at **36-37 (S.D. Ohio 2001).  Saha's remaining state law claims are therefore dismissed without prejudice.

## III.    INJUNCTIVE RELIEF

Saha's remaining claim seeks injunctive relief against the Hospital. (Doc. # 1 at ¶ ¶ 44-52).  Because that claim is premised on his federal and state claims that the Court dismissed above, it is not an independent cause of action and remains "dependent on the underlying merits of [Saha's] other claims."  *Airbrake Sys., Inc. v. Mineta*, 202 F. Supp. 2d 705, 715 (E.D. MI 2002); *see also Smartt v. Clifton*, 1997 U.S. Dist. LEXIS 23774, at *4 n.4 (S.D. Ohio 1997) (noting that although plaintiffs set forth a request for declaratory and injunctive relief in their

Complaint, the request merely sets forth a statement of the remedies sought rather than a separate cause of action). Accordingly, the Court **GRANTS** the Hospital's motion to dismiss (Doc.# 8) Saha's injunctive relief claim.

## CONCLUSION

The Hospital's motion to dismiss is **GRANTED**. (Doc. # 8).

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**